IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 11-289-1 |
| v. | : | |
| | : | CIVIL ACTION |
| CALVIN HICKS | : | NO. 16-2397 |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                     **March 21, 2024**

Defendant Calvin Hicks filed a motion under 28 U.S.C. § 2255 to vacate and correct his conviction and sentence for using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).  In *United States v. Stoney*, 62 F.4th 108 (2023), the Third Circuit decided the issue presented by Hicks's motion – whether completed Hobbs Act robbery qualifies as a crime of violence following *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019) – and held that it does.  Accordingly, Hicks's motion will be denied.

## FACTUAL BACKGROUND

On May 19, 2011, Hicks was charged in an Indictment with one count each of conspiracy to commit Hobbs Act robbery (Count One) and Hobbs Act robbery (Count Two), both violations of 18 U.S.C. § 1951(a), one count of using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Three), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Four).  These charges resulted from an incident in which Hicks and a co-defendant broke into an adjoining residential unit to Sunny's Grill & Beer in Philadelphia at 4:30 a.m. on December 27, 2008.  After waking the business's owners and their

children and threatening and assaulting them with firearms, Hicks and his co-defendant robbed them of some $7,500 in cash, merchandise and other valuables representing proceeds and property of the business.  Hicks was tried and convicted in November 2011 on all four counts.  Following denial of his motion for a new trial, Hicks was sentenced on April 28, 2014 to 108 months' imprisonment on counts One, Two, and Four and to a mandatory consecutive term of 60 months on Count Three (the § 924(c) conviction), followed by five years of supervised release.  He appealed but his conviction and sentence were affirmed by the Third Circuit on April 14, 2015.

After the Supreme Court issued its decision in *Johnson v. United States*, the Federal Community Defender Office was appointed to represent Hicks and filed the instant § 2255 motion on his behalf on May 16, 2016.  In *Johnson*, the Supreme Court invalidated the "residual clause" in the definition of "violent felony" set forth in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague, and held that imposing an increased sentence under the clause violated due process.  *See Johnson*, 576 U.S. at 597, 606.  In this motion, Hicks argues the reasoning of *Johnson* is equally applicable to the definition of crime of violence in the similarly-worded residual clause in § 924(c)(3)(B), and thus the predicate crime for his § 924(c) conviction – Hobbs Act robbery – no longer qualifies as a crime of violence, and violated his right to due process.  This motion was initially stayed under a court-wide Administrative Order, and the stay was continued while the issue raised by Hicks was under consideration by the appellate courts. As completed Hobbs Act robbery has now been found to be a crime of violence within the meaning of the "elements clause" of § 924(c)(3)(A), the stay is properly lifted and Hicks's motion is ripe for determination.

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted).  In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Because it is clear from the record of this case that Hicks is not entitled to any relief, there is no need for an evidentiary hearing.

**DISCUSSION**

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'"  *Davis*, 139 S. Ct. at 2324.  A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

In *Davis*, the Supreme Court, following the rationale it employed in *Johnson* to invalidate the residual clause in the ACCA and in *Sessions v. Dimaya*, 584 U.S. 148 (2018) to invalidate the strikingly similar residual clause of 18 U.S.C. § 16,[1] found § 924(c)(3)(B) to be unconstitutionally vague.  *Davis*, 139 S. Ct. at 2325-26, 2336.  This means that "now, only § 924(c)(3)(A), the 'elements clause' contemplates whether a felony offense qualifies as a crime of violence." *Stoney*, 62 F.4th at 111.

Hicks argues that his predicate offense of Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A).  This argument fails.  In *Stoney,* the Third Circuit held, "a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *Stoney*, 62 F. 4th at 114.  Hicks's conviction and sentence under § 924(c) remain valid, and he is entitled to no relief under § 2255.  Hicks's motion shall be denied, and, because there has been no showing and there is no basis to believe reasonable jurists would find the Court's decision debatable or wrong, no certificate of appealability shall issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____
Juan R. Sánchez,          J.

---

[1]  18 U.S.C. § 16 defines "Crime of Violence" for purposes of many federal statutes to mean:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.